**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JIMMIE HARRELL and ROSE M. HARRELL**                                **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO. 2:19-cv-89-KS-MTP**

**LEXINGTON INSURANCE COMPANY**                                        **DEFENDANT**

## <u>ORDER</u>

THIS MATTER is before the Court on Defendant's Motion to Compel [44]. In this action, Plaintiffs allege that their home—which was insured under a policy issued by Defendant—was destroyed by a tornado on January 21, 2017. According to Plaintiffs, they made a claim for benefits under the insurance policy following the tornado, but Defendant wrongfully refused to pay said benefits.

On August 23, 2019, the Court entered a Case Management Order [6], which, *inter alia*, required the parties to complete pre-discovery disclosures on or before August 30, 2019. On December 19, 2019, Defendant filed a Motion to Dismiss [11], asserting that Plaintiff failed to produce their pre-discovery disclosures. Defendant requested that the Court dismiss this action for Plaintiffs' failure to prosecute. Plaintiffs failed to respond to the Motion [11], but the Court conducted a conference with the parties. On January 15, 2020, the Court entered an Order [12], finding that Plaintiffs' inaction did not justify dismissal at that time. Instead, the Court extended the case deadlines and warned Plaintiffs that their "continued failure or refusal to discharge their discovery and disclosure obligations may result in the dismissal of their claims or imposition of other sanctions." *See* Order [12].

On March 13, 2020, Defendant served discovery requests on Plaintiffs. *See* Notice [14]. Plaintiffs failed to respond to the discovery requests, despite multiple inquiries by Defendant

concerning the status of Plaintiffs' responses.  Thus, on August 24, 2020, Defendant filed the instant Motion to Compel [44].  Although entitled a "Motion to Compel," Defendant does not request that the Court compel Plaintiffs to produce any information.  Instead, Defendant requests that "this action be dismissed with prejudice for Plaintiffs['] failure to respond to discovery, or alternatively, an order prohibiting Plaintiffs from entering or otherwise using at th[e] trial of this matter any document, testimony, or information not previously provided with their initial disclosure."

Plaintiffs did not file a response to the Motion [44].  To provide Plaintiffs a final opportunity to be heard before deciding the issue of sanctions, the Court entered an Order to Show Cause [45].  Specifically, the Court directed Plaintiffs to show cause why this action should not be dismissed or why they should not be prohibited from utilizing at the trial of this matter any information not previously provided in their initial disclosures for failure to respond to Defendant's discovery requests and failure to respond to the Motion to Compel [44]. *Id*.  On September 16, 2020, Plaintiffs filed a Response [51] to the Order to Show Cause and served their discovery responses.

In its Motion [44], Defendant seeks sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 37.  Rule 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B)  may inform the jury of the party's failure; and
> (C)  may impose other appropriate sanctions, including any of the orders listed in

Rule 37(b)(2)(A)(i)-(vi).[1]

*See* Fed. R. Civ. P 37(c)(1).  Additionally, Rule 37(d) provides that: "The Court where the action is pending may, on motion, order sanctions if: . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* Fed. R. Civ. P. 37(d)(1).[2]

When applying Rule 37, courts consider the following factors: (1) the explanation for the failure to identify the documents; (2) the importance of the documents; (3) potential prejudice in allowing the documents; and (4) the availability of a continuance to cure such prejudice. *City of Hattiesburg v. Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. March 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).  The purpose of Rule 37(c)(1) is to prevent ambush, resulting in surprise or prejudice, from undisclosed or late disclosed evidence. *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).  "The sanctions it enumerates are not exclusive and arbitrary, but flexible, selective, and plural, and the district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." *Jonibach Mgmt. Trust v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 808 (S.D. Tex. 2015) (internal quotations and citation omitted).  "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a

---

[1] Rule 37(b)(2)(A)(i)-(vi) allows for orders (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

[2] Sanctions under Rule 37(d) may include any of those listed in Rule 37(b)(2)(A)(i)-(vi).

deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).  Generally, however, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997).

In their Response [51], Plaintiffs assert that they failed to respond to Defendant's Motion to Compel [44] because the electronic notice of the Motion was delivered to their counsel's junk email folder and unfortunate circumstances relating to counsel's family prevented counsel from reviewing his junk email folder.  Plaintiffs point out that they have now served discovery responses and argue that neither dismissal of this action nor prohibiting them from utilizing evidence is warranted because their failure to respond to the Motion to Compel was not deliberate.

Although the electronic notice being delivered to counsel's junk email folder may excuse Plaintiffs' failure to respond to the Motion to Compel, it does not justify Plaintiffs' failure to respond to the Defendant's discovery requests.  On January 15, 2020, the Court warned Plaintiffs that their failure to fulfill their discovery obligations could result in the dismissal of this action or other sanctions. *See* Order [12].  Defendant served its discovery requests on March 13, 2020. *See* Notice [14].  Despite the Court's warning, Plaintiffs did not respond to the requests. On May 18, 2020, Defendant asked Plaintiffs to provide their responses as soon as possible, noting that the responses were due on April 13, 2020, and that Plaintiffs' depositions were upcoming. *See* [44-3].  In response, Plaintiffs asked that their depositions be postponed by two weeks to allow them time to provide the discovery responses; Defendant agreed. *Id.*

On May 29, 2020, Defendant inquired about the status of the discovery responses, and Plaintiffs advised that the responses would be provided within a week. *See* [44-4].  Plaintiffs did

not provide the responses.  On June 18, 2020, Defendant deposed Plaintiffs, and the parties

agreed that the depositions would not be concluded on that day, but adjourned until Defendant

received Plaintiffs' discovery responses. *See* [44-6].

On July 21, 2020, Defendant again requested that Plaintiffs provide their discovery

responses, and Plaintiffs' counsel asked for another copy of the discovery requests, which

Defendant immediately provided. *See* [44-8].  On August 21, 2020, Defendant implored

Plaintiffs to provide the responses and informed them that it would be forced to file a motion to

compel if the responses were not received by August 24, 2020. *See* [44-10].[3]  Plaintiffs finally

served their discovery responses on September 16, 2020, more than six months after Defendant

first requested them and fifteen days *after* the close of discovery.

Plaintiffs provide no justification for their egregious delay in responding to discovery

requests.  Defendant has been prejudiced by Plaintiffs' failure to timely serve their responses.

Defendant received the information after the close of discovery, and Defendant is unable to

conduct any discovery to evaluate the newly disclosed information, which includes the names of

two potential witnesses.

In its Motion, Defendant argues that the Court should dismiss this action.  While the

Court does not condone the belated disclosure, the Court finds that dismissal of this action is not

warranted.[4]  The prejudice caused by Plaintiffs' failure to timely disclose information can be

---

[3] The email stated, in part, as follows: "I have no desire to do this as it would be our second such motion as we had to file a previous motion because we weren't served with your clients' initial disclosures.  Please do not make me file this motion as I am going to have to ask for costs associated." *See* [44-10].

[4] When considering the imposition of the sanction of dismissal, courts consider (1) whether the violation resulted from bad faith or willful conduct, (2) whether the violation is attributable to the client, (3) whether the opposing party has been substantially prejudiced, and (4) whether a less drastic sanction would achieve the desired deterrent effect. *Bluitt v. Arco Chemical Co.*, 777 F.2d

cured—and the desired deterrent effect can be achieved—by precluding Plaintiffs from using the belated disclosure.  The Court recognizes that preclusion is a harsh remedy that should only be imposed in rare situations.  Considering Plaintiff's unjustified, lengthy delay, the prejudice caused to Defendant, and that prior extensions and warnings were not sufficient to deter Plaintiffs' dilatory conduct, such a remedy is appropriate.

IT IS, THEREFORE ORDERED that:

1. Defendant's Motion to Compel [44] is GRANTED in part and DENIED in part.

2. Plaintiffs are precluded from using any information which they produced or disclosed after the discovery deadline to support or oppose a motion, at a hearing, or at a trial. Additionally, Plaintiffs are precluded from calling any witness who was disclosed after the discovery deadline to supply evidence to support or oppose a motion, at a hearing, or at a trial.

3. All other relief requested in the Motion to Compel [44] is denied.

SO ORDERED this the 28th day of September, 2020.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

188, 190-91 (5th Cir. 1985).  "[D]ismissal is a severe sanction that implicates due process." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).